IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **VILLAMOR YASAY,** ) | Civ. No. 08-00433 ACK-LEK |
| ) | |
|       **Petitioner,** ) | |
| ) | |
|    **v.** ) | |
| ) | |
| **LINDA MCGREW, Warden, Federal** ) | |
| **Detention Center, Honolulu,** ) | |
| **Hawaii, MICHAEL CHERTOFF,** ) | |
| **Secretary of the Department** ) | |
| **of Homeland Security, and** ) | |
| **MICHAEL B. MUKASEY, Attorney** ) | |
| **General of the United States,** ) | |
| ) | |
|       **Respondents.** ) | |
| _____) | |

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION

On September 30, 2008, Villamor Yasay ("Petitioner") filed a petition for writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2241. Petitioner, a lawful permanent resident of the United States and a native and citizen of the Republic of the Philippines, is currently being held at the Federal Detention Center ("FDC") in Honolulu, Hawaii pursuant to a removal order issued by the Immigration Court in Honolulu, Hawaii on July 2, 2008. For the reasons discussed below, the Court sua sponte dismisses the petition without prejudice for lack of jurisdiction.[1]

---

[1] This Court may dismiss a petition for writ of habeas corpus at its own discretion, without a hearing, where "the facts

**BACKGROUND**

Petitioner, a citizen of the Philippines, was admitted to the United States as a lawful permanent resident on July 8, 1990. Petition at 3. On May 14, 1993, Petitioner pled no contest in the First Circuit Court, State of Hawaii, and was found guilty of two charges: Sexual Assault in the Third Degree in violation of Hawaii Revised Statutes ("H.R.S.") § 707-732(1)(b), and the Class B offense of Kidnapping in violation of H.R.S. § 707-720(1)(d). Id. at 4.

Petitioner's convictions were later set aside based on a failure to inform Petitioner of the potential consequences of his no contest plea under the immigration laws of the United States. Id. Subsequently, on June 8, 2007, Petitioner orally requested and was granted a motion for a deferred acceptance of a nolo contendere plea, and on December 14, 2007, the First Circuit Court granted Petitioner's motion to dismiss all charges. See Exhibit A, Order Granting Motion for Early Discharge of Deferral.

In October, 2007, Petitioner was arrested and detained at the FDC in Honolulu, Hawaii. Petition at 5. Petitioner was charged with being removable by the Department of Homeland Security

---

alleged in the petition do not constitute grounds for relief in a federal court." Muhlenbroich v. Heinze, 281 F.2d 881 (9th Cir. 1960); see also Tijerina v. Thornburgh, 884 F.2d 861 (5th Cir. 1989)("Where the petitioner raises only questions of law, or questions regarding the legal implications of undisputed facts, a hearing becomes duplicative and unnecessary.").

due to his alleged criminal convictions.  Id.  Petitioner contested his removability, arguing that all charges against him had been dismissed.  Id.  Despite Petitioner's efforts, on July 2, 2008, the Immigration Court ordered Petitioner removed to the Philippines.  Id.  The Immigration Court also determined that Petitioner was not eligible for release while he went through the appeal process of the removal order because the alleged convictions were aggravated felonies.  Id.  Petitioner proceeded to appeal the order of removal to the Board of Immigration Appeals ("BIA"), and that appeal is still pending.  Id.

Petitioner filed this Petition on September 30, 2008, requesting that this Court: (1) grant the writ of habeas corpus; (2) order Petitioner released from the FDC; and (3) vacate the order of removal based on the dismissal of any charges against Petitioner.  Id. at 8-9.

## DISCUSSION

In general, district courts may consider petitions for writs of habeas corpus.  28 U.S.C. § 2241; Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006).  However, the Immigration and Nationality Act ("INA") governs § 2241 petitions filed by individuals ordered removed under the immigration laws.  See 8 U.S.C. § 1252.  Under the INA, the United States Courts of Appeals have exclusive jurisdiction to review orders of removal and

to rule on habeas petitions by individuals ordered removed.  Id. § 1252(a)(5).[2]

Therefore, regardless of the merits of Petitioner's arguments, this Court has no jurisdiction to entertain the Petition.  Section 1252(a)(5) "eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals."[3]  Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006); accord Singh v.

---

[2] Amended § 1252(a)(5) became effective on May 11, 2005 and provides in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.] (emphasis added).

[3] The Court notes that in amending § 1252, Congress did not intend to preclude habeas petitions, even from individuals under a removal order, that deal only with the conditions of detention and not with an order of removal. See H.R. Rep. 109-72, at 176 (2005), as reprinted in 2005 U.S.C.C.A.N. 240, 301 ("[I]t should also be noted that section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders.  Instead, the bill would eliminate habeas review only over challenges to removal orders."); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) (internal citations omitted) ("[T]his provision [§ 1252] only applies to federal habeas corpus jurisdiction over 'final orders of removal.'  By its terms, the jurisdiction-stripping provision does not apply to federal habeas corpus petitions that do not involve final orders of removal.").  The present Petition, however, is not a challenge to the conditions of detention at the FDC.  Instead, Petitioner requests that this Court review his order of removal, the exact type of habeas petition that this Court may not entertain under § 1252.

<u>Mukasey</u>, 533 F.3d 1103, 1105 (9th Cir. 2008). Thus, Petitioner may only file his Petition directly with the United States Court of Appeals for the Ninth Circuit, if at all.

Additionally, this Court is further barred by § 1252 from reviewing the Petition because the basis of Petitioner's removal order was an alleged conviction for an aggravated felony. <u>See</u> Petition at 5. Where the reason for a removal order is a conviction for an aggravated felony, no court has jurisdiction to review the order:

> "Notwithstanding any other provision of law (statutory or nonstatutory), <u>including section 2241</u> of Title 28, or any other habeas corpus provision, . . . <u>no court shall have jurisdiction</u> to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227 (a)(2)(A)(iii) [aggravated felonies] . . . of this title"[4]

§ 1252(a)(2)(C). The Court understands that Petitioner's principal argument for granting the writ is that there never was

---

[4] Even though an alien is convicted of an aggravated felony, the INA does provide for judicial review where there are constitutional claims; however, such claims must also be brought in the United States Courts of Appeals:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an <u>appropriate court of appeals</u> in accordance with this section.

§ 1252(a)(2)(D) (emphasis added). Therefore, even if Petitioner's claims fall within this category, such claims must be brought in the United States Courts of Appeals.

an actual conviction for an aggravated felony, or any crime. Nonetheless, because the reason for the removal order was an alleged conviction for an aggravated felony, this Court has no jurisdiction to review the order or any § 2241 habeas petition related to the removal order.

Moreover, Petitioner's pending appeal with the BIA further precludes this or any Court from entertaining the Petition.  Although § 2241 does not explicitly require a habeas petitioner to exhaust all judicial and administrative remedies before filing his petition, the Ninth Circuit <u>requires</u> that a petitioner exhaust <u>all</u> available remedies prior to filing a habeas petition under § 2241.  <u>Castro-Cortez</u>, 239 F.3d at 1047 (holding that although § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus[,] . . . we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.").

Section 1252 reinforces that this or any Court may review a removal order "only if the alien has exhausted all administrative remedies available to the alien as of right[.]"  § 1252(d)(1).  Because Petitioner's appeal with the BIA is still pending, an administrative remedy is still available and Petitioner must exhaust that remedy before he may petition for a writ of habeas corpus.  See <u>Rojas-Garcia v. Ashcroft</u>, 339 F.3d

814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

### CONCLUSION

Although the Court understands Petitioner's efforts to be heard, the Court encourages the Petitioner to make these arguments to the BIA on its appeal, and if unsuccessful, to pursue any other remedies available as a matter of right.  Accordingly, the Court DISMISSES the Petition without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 6, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Yasay v. Linda McGrew et al., Civ. No. 08-00433 ACK-LEK, Order Dismissing Petition for Lack of Jurisdiction.